IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DONNA DUPREE and SHERRY HARTISON, )
on behalf of themselves and a class of others )
similarly situated, )
)
        Plaintiffs, )
)
    vs. )      No. 17-1104
)
ANGELA LOCKE, et al., )
)
        Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS DEFENDANT GODINEZ**

The Defendant, SALVADOR GODINEZ, by and through his attorney, Lisa Madigan,

Attorney General of the State of Illinois, provides the following in support of his motion to

dismiss pursuant to Federal Rule 12(b)(6):

**Introduction**

On March 7, 2017, Plaintiffs filed this suit pursuant to 42 U.S.C. § 1983 with various

claims arising from strip searches at Logan Correctional Center on October 31, 2013.  They sued

multiple employees who worked for the Illinois Department of Corrections.  They sued Salvador

Godinez, the former Director of IDOC, in his official capacity only.  Plaintiffs also included the

current IDOC Director, John Baldwin, in his official capacity.  Defendant Godinez should be

dismissed from this suit because Plaintiffs cannot obtain any relief from Godinez and because the

current IDOC Director has already been named in this suit in his official capacity.

Defendant notes that he was dismissed with prejudice from the predecessor suit filed

against him concerning the October 31, 2013, searches:  *Brown, et al. v. Locke, et al.*, 15-1447

(USDC-CDIL), order entered July 18, 2016, d/e 56, p. 3.  The same reasoning applied there

applies to the instant suit.  Accordingly, Defendant Godinez must be dismissed from this suit.

## Argument

**I.      Plaintiffs cannot obtain any relief from Defendant in his official capacity**.

Immunities available to a defendant in an official capacity action are the same as those

that the governmental entity possesses.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v.*

*Graham*, 473 U.S. 159, 167 (1985).  The Eleventh Amendment provides sovereign immunity to

the States, limiting the ability to sue States in federal court.  *Green v. Mansour*, 474 U.S. 64, 68.

Sovereign immunity bars a damages action in federal court against a State or a State

official sued in his official capacity.  *Graham*, 473 U.S. at 169-170.  To the extent that Plaintiffs

seek money damages from Defendant Godinez in his official capacity, those claims must be

dismissed.  Plaintiffs' complaint is clear, noting in the caption, introduction, and later in the

complaint that Defendant Godinez is sued solely in his official capacity and that Godinez is the

*former* Director of the IDOC.  [d/e 1, pp. 1-2; p. 7 at ¶ 26].

Even though a party may not seek damages against a State official sued in his official

capacity, there are limited circumstances where a party may seek injunctive relief against an

official.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997) (O'Connor, J.

concurring) ("Where a plaintiff seeks prospective relief to end a state officer's ongoing violation

of federal law, such a claim can ordinarily proceed in federal court.  The doctrine is not,

however, without limitations.  A federal court cannot award retrospective relief, designed to

remedy past violations of federal law.")  Yet, that option is not available against Defendant

Godinez because Godinez no longer holds the title of Director and cannot assist in the

implementation of any award of injunctive relief.  Therefore, Plaintiffs could not obtain any

relief against Defendant Godinez.

## II.    Defendant Godinez should not be left in this suit because the current IDOC Director has already been named and appeared in this suit.

Although Plaintiffs may seek injunctive relief against the Director of IDOC in his official

capacity, Defendant Godinez should be dismissed from this suit.  Defendant Godinez is the

former IDOC Director.  Federal Rule 25(d) provides for the automatic substitution of an officer's

successor after "a public officer who is a party in an official capacity dies, resigns, or otherwise

ceases to hold office while the action is pending."  As noted in Plaintiffs' complaint, Defendant

Godinez had left the position of Director before the lawsuit was filed.  Plaintiffs also named the

current IDOC Director, John Baldwin, in his official capacity and Baldwin has appeared in this

suit.  Accordingly, there is no reason for Defendant Godinez to remain in this suit.

WHEREFORE, Defendant respectfully requests that this Court dismiss all claims against

him in this suit.

Respectfully submitted,

SALVADOR GODINEZ,

Defendant,

Lisa Cook, #6298233                              LISA MADIGAN, Illinois Attorney General,
Assistant Attorney General
500 South Second Street                          Attorney for Defendant,
Springfield, Illinois  62701
(217) 557-7081 Phone                        By:   s/Lisa Cook
(217) 524-5091 Fax                               LISA COOK
Email: lcook@atg.state.il.us                     Assistant Attorney General

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DONNA DUPREE and SHERRY HARTISON, )
on behalf of themselves and a class of others )
similarly situated, )
           )
           Plaintiffs, )
           )
       vs. )           No. 17-1104
           )
ANGELA LOCKE, et al., )
           )
           Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, the foregoing document, *Memorandum of Law*

*in Support of Motion to Dismiss Defendant Godinez*, was electronically filed with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

Blake W. Horwitz           bhorwitz@bhlfattorneys.com

Jared S. Kosoglad           jared@jaredlaw.com


Respectfully Submitted,

 s/Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, Illinois  62701
(217) 557-7081 Phone
(217) 524-5091 Fax
E-Mail:  lcook@atg.state.il.us