IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONNA DUPREE and SHERRY HARTISON, on behalf of themselves and a class of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ANGELA LOCKE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 17-1104 ) ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS I AND V OF THE PLAINTIFFS' COMPLAINT**

The JOHN BALDWIN (sued only in his official capacity as Acting Director of IDOC), DAVID BRAINARD, CHRISTINE BRANNON[1] (sued only in her official capacity as Warden of Logan Correctional Center), DANA CHAUDOIN, DEBBIE DENNING, RENEE HATFIELD, AARON LEESMAN, ANGELA LOCKE, JEFFREY MASON, JOSHUA MERREIGHN, DUSTY MONTGOMERY, JEFF NESWICK, ALAN PASLEY, TODD SEXTON, CLARA CHARRON, MONICA SLATER, SHABEDA WARDEN-PENNINGTON, JOSEPH YURKOVICH, and FELIPE ZAVALA, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, provide the following in support of their motion to dismiss Counts I and V of Plaintiffs' complaint:

---

[1] Christine Brannon was only sued in her official capacity as Warden of Logan Correctional Center. She was included for the sole purpose of carrying out any injunctive relief. [d/e 1, p. 7, ¶ 28]. Maggie Burke is presently the Warden of Logan Correctional Center. *See* https://www.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx (last accessed November 27, 2017). Burke should be automatically substituted for Christine Brannon pursuant to Federal Rule 25(d). Fed. R. Civ. P. 25(d) (For an official capacity action against a public officer who ceases to hold office, the "officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name.")

## Introduction

Plaintiffs are females who were incarcerated at Logan Correctional Center in October 2013. They filed suit pursuant to 42 U.S.C. § 1983 for various claims arising from allegations that they were subjected to a humiliating and harassing strip search on October 31, 2013. [d/e 1]. Their complaint indicates that they will seek to move for class status to represent female inmates subjected to the search and those who will be incarcerated at Logan Correctional Center in the future. [d/e 1, pp. 13-16]. They seek money damages and injunctive relief.

Plaintiffs' complaint is divided into six counts:

Count I: Claim for alleged violations of the Fourth & Fourteenth Amendments;
Count II: Claim for alleged violations of the Eighth & Fourteenth Amendments;
Count III: Claim pursuant to § 1983 for conspiracy;
Count IV: Claim for failure to intervene;
Count V: Claim under the Prison Rape Elimination Act;
Count VI: Claim for injunctive relief.

[d/e 1]. Defendants seek dismissal of Counts I and V for failing to state a claim upon which relief may be granted. Defendants are also entitled to qualified immunity as to the Fourth Amendment claim (Count I).

## Argument

### I. Count 1, a claim brought under the Fourth Amendment, should be dismissed because the Fourth Amendment does not apply to the search alleged in this suit.

Plaintiffs filed a claim pursuant to the Fourth Amendment, as applied through the Fourteenth Amendment. [d/e 1, pp. 16-19]. The Fourth Amendment to the United States Constitution protects against unreasonable searches of persons, houses, papers, and effects without probable cause. U.S. Const. amend. IV. Plaintiffs also allege that their Eighth Amendment rights were violated during the same search. [d/e 1, pp. 19-22, Count II].

Plaintiffs claim here that an unreasonable public group strip search was conducted on October 31, 2013, for which there was no valid penological justification. The complaint alleges

2

that women prisoners were visually searched by correctional staff while the inmates manipulated their body parts in the doorways of their cells. [d/e 1, p. 3, ¶ 4; p. 9, ¶ 34].

The United States Supreme Court has held that inmates retain some Fourth Amendment rights while incarcerated. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Yet, the test of reasonableness requires balancing the need for a particular search against the invasion of the personal rights the search entails. *Id.*; *see also Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and order.") There is no Fourth Amendment claim—nor, necessarily, an Eighth Amendment claim for that matter—due to cross-sex monitoring in the prison context. *Johnson v. Phelan*, 69 F.3d 144, 150-51 (7th Cir. 1995) (male inmate failed to state a claim under the Fourth and Eighth Amendments despite claims that he was monitored in his cell and shower by female employees). Case law reasons that the Eighth Amendment is "more properly posed to protect inmates from unconstitutional strip searches" than the Fourth Amendment. *Peckham v. Wisconsin Dept. of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *see also Hudson*, 468 U.S. at 530.

In *King v. McCarty*, an inmate filed suit under the Fourth and Eighth Amendments because he claimed he was essentially subjected to an unjustified strip-search by being forced to wear a see-through jumpsuit that exposed his genitals and buttocks during transport. 781 F.3d 889, 892 (7th Cir. 2015). The Seventh Circuit Court of Appeals found that the Fourth Amendment claim should have been dismissed on the merits. *Id.* at 899. The court found a distinction between bodily integrity in the context of a visual search or observation and through bodily intrusion. It wrote that: "Even in prison, case law indicates that the Fourth Amendment protects, to some degree, prisoners' bodily integrity against unreasonable intrusions *into* their

3

bodies." *Id*. at 900. The court went on to state that the Fourth Amendment protection had never been extended to a visual search like that at issue in the case and it did not believe it should "expand the scope of the Fourth Amendment protection to strip-searches of convicted prisoners to create an Eighth-Amendment-light standard in which the subjective purposes of prison officials would not be relevant." *Id*. at 901. The inmate was allowed to proceed on his Eighth Amendment claim, but he had failed to state a claim upon which relief could be granted under the Fourth Amendment. *Id*.

*King* and the case law on which it relies foreclose on Plaintiffs' Fourth Amendment claim here. Plaintiffs make no claim of the bodily intrusion that could support a Fourth Amendment claim. The circumstances at issue here are more like that at issue in *King* in *Johnson*. Accordingly, Plaintiffs state no claim upon which relief can be granted under the Fourth Amendment, and Count1 should be dismissed.

## II. Defendants are entitled to qualified immunity as to the Fourth Amendment claim (Count I).

Even if Plaintiffs' Count I was adequately pled under the Fourth Amendment, Defendants are entitled to qualified immunity as to the claim. Immunity questions should be resolved at the earlier possible stage in litigation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (*quoting Hunter v. Bryant*, 502 U.S. 224 (1991)). Although a plaintiff is not required to plead factual allegations that anticipate and overcome a defense of qualified immunity, a plaintiff who goes beyond the requirements of the pleading rules "may run the risk of pleading himself out of court." *Jacobs v. City of Chicago*, 215 F.3d 758, 765, n. 3 (7th Cir. 2000). Here, Plaintiff has pled sufficient facts for this Court to decide whether Defendants are entitled to qualified immunity.

For a qualified immunity analysis, the court must decide whether a plaintiff has alleged facts that, if proved, would show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194 (2001). The court also determines whether that right was clearly established at the time of the violation. *Id*. The court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). As described above, Plaintiffs fail to sufficiently allege a claim under the Fourth Amendment.

Further, the "general rule of qualified immunity is intended to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages.' Where that rule is applicable, officials can know that they will not be held personally liable as long as their actions are reasonable in light of current American law." *Anderson v. Creighton*, 483 U.S. 635, 646 (1987), *quoting Davis v. Scherer*, 468 U.S. 183, 195 (1984). As pointed out above, it was not been clear before nor is it clear now that the Fourth Amendment would protect prisoners from the type of visual strip search at issue here. *See supra*; *King*, 781 F.3d at 901. Moreover, on July 18, 2016, Judge Michael M. Mihm dismissed with prejudice a Fourth Amendment claim alleged in a predecessor suit concerning the same search at Logan Correctional Center. *See Brown, et al. v. Locke, et al.*, case no. 15-cv-1447, d/e 56, p. 10. For these reasons, Defendants are entitled to qualified immunity as to the Fourth Amendment claim.

**III.  Count V, a claim purported to be brought under the Prison Rape Elimination Act, should be dismissed because there no private cause of action under that act.**

PREA, the Prison Rape Elimination Act, is intended to address the issue of prison rape. It authorizes grant money and creates a commission to study the issue. *See* 42 U.S.C. §15601 *et seq*. The enforcement mechanism provided by Congress for non-compliance with the provisions

of PREA is the withholding of grant monies. 42 U.S.C. §15607(e)(2). Even assuming the provisions of PREA were applicable to Illinois and were violated, there is no basis in law for a private cause of action under § 1983 to enforce PREA violations.

"[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under §1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). As District Courts have recognized within the Seventh Circuit, there is nothing in PREA that suggests a congressional intent to create a private cause of action. *Schuenke v. Wisconsin Dept. of Corrections*, 2014 WL 905529 *3 (W.D. Wis.); *Meeks v. Wisconsin Resource Center*, 2015 WL 847481 *2 (E.D. Wis.); *Rivera v. Drake*, 2010 WL 1172602 *3 (E.D. Wis.). This claim was also dismissed with prejudice by Judge Mihm in the predecessor suit. *See Brown, et al. v. Locke, et al.*, case no. 15-cv-1447, d/e 56, p. 14. Plaintiffs' claim under Count V should be dismissed with prejudice because there is no private cause of action under PREA.

## Conclusion

In conclusion, Plaintiffs fail to state a claim for relief under Counts I and V of their complaint. [d/e 1]. Plaintiffs may not proceed under the Fourth Amendment due to the nature of this case and the fact that there was no bodily intrusion by Defendants. Even if Plaintiffs stated a cause of action under the Fourth Amendment, Defendants would be entitled to qualified immunity. Further, Plaintiffs fail to adequately plead a conspiracy claim and such a claim should be dismissed as superfluous. Plaintiffs also do not enjoy the right to sue under PREA.

WHEREFORE, Defendants respectfully request that this Court dismiss Counts I and V of Plaintiffs' complaint.

                                                Respectfully submitted,

JOHN BALDWIN (sued only in his official capacity as Acting Director of IDOC), DAVID BRAINARD, CHRISTINE BRANNON (sued only in her official capacity as Warden of Logan Correctional Center), DANA CHAUDOIN, DEBBIE DENNING, RENEE HATFIELD, AARON LEESMAN, ANGELA LOCKE, JEFFREY MASON, JOSHUA MERREIGHN, DUSTY MONTGOMERY, JEFF NESWICK, ALAN PASLEY, TODD SEXTON, CLARA CHARRON, MONICA SLATER, SHABEDA WARDEN-PENNINGTON, JOSEPH YURKOVICH, and FELIPE ZAVALA,
        Defendants,

LISA MADIGAN, Attorney General,
State of Illinois

Lisa A. Cook, #6298233                         Attorney for Defendants,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706                By: s/Lisa A. Cook
Phone: (217) 785-4555                       LISA A. COOK
Fax: (217) 524-5091                           Assistant Attorney General
lcook@atg.state.il.us
Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONNA DUPREE and SHERRY HARTISON, on behalf of themselves and a class of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  No. 17-1104 |
| ANGELA LOCKE, et al., | )<br>)<br>) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, the foregoing document, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS I AND V OF THE PLAINTIFFS' COMPLAINT, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Blake W. Horwitz     bhorwitz@bhlfattorneys.com

Jared S. Kosoglad    jared@jaredlaw.com

Respectfully Submitted,

  s/Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62701
(217) 557-7081 Phone
(217) 524-5091 Fax
E-Mail:  lcook@atg.state.il.us

8