IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONNA DUPREE and SHERRY HARTISON, on behalf of themselves and a class of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-cv-1104 |
| ANGELA LOCKE, in her individual and official capacity as former Warden of Logan Correctional Center, et al. | ) ) ) ) | Judge Mihm |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiffs, DONNA DUPREE et al., by and through their attorneys, respectfully submit the following reply in support of Plaintiff's Motion for Class Certification. The Defendants' Response to Plaintiff's Motion for Class Certification should be denied for the following reasons herein:

Plaintiffs' motion for class certification should be granted. Defendants attack Plaintiffs' submission for failing to reinvent the wheel, even though the 2013 unconstitutional Logan strip search had been substantially litigated already in *Brown v. Locke et al.*, 15-cv-1447. Defendants misapply the United States Supreme Court's holding in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, (2018), and Plaintiffs submit they have satisfied the certification requirements of Fed. R. Civ. P. 23.

# BACKGROUND

In *Brown*, several women filed suit for the strip search conducted at Logan Correctional Center in 2013. That case settled after a motion for class certification had been filed but prior to any ruling. As explained on the record in that case, undersigned counsel filed the instant lawsuit out of a concern that the class members might forfeit their claims because only one day remained on the statute of limitations after the *Brown* suit terminated. Dkt. 83, Exhibit C, Affidavit of Jared Kosoglad ¶ 6 (attached to rebut false allegations of bad faith and collusion). By the time of filing the instant case, the 2013 strip search had been significantly litigated, with numerous depositions and affidavits taken and filed in support of class certification. All that remained was for the court to decide the motion.

On May 4, 2018, the Court held a status conference in the instant case, and three new Plaintiffs sought to be part of the class action. It took some time to correspond with the two incarcerated individuals, Kidd and Ball, and Ms. Walton never responded. Thus, while Plaintiffs had anticipated consolidating their claims with the instant lawsuit, Dkt. 57, it proved logistically too difficult in such a short time frame, and Plaintiffs filed their motion for class certification on June 12, 2018, eight days after the deadline, which had been set by the Court prior to the consolidation of the several related cases.

# ARGUMENT

### I. Plaintiffs' Proposed Class Is Not a Successive Class Action, Therefore *China Agritech Inc.* Does Not Apply.

The defense argues that the statute of limitations bars the class claims in this case based on the United States Supreme Court's ruling in *China Agritech, Inc. v. Resh*, 38 S. Ct. 1800, (2018). In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, (2018), the Supreme Court addressed the tolling rule stated in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, framing the issue

as, "[u]pony denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?" *China Agritech, Inc.* at 1804. Here, by contrast, class certification has never been denied, and this case is not a successive class action as that term is meant to be used.

If such were the rule, defendants could wait out statutory time limits and settle with individual plaintiffs to the detriment of class members, forever avoiding class allegations, a circumstance prevented by *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974). On the other hand, a rule makes sense that once a court determines that a class is inappropriate under Fed. R. Civ. P. 23, future plaintiffs should be barred from making successive class allegations under that rule, and such was the rule applied by the Supreme Court in *China Agritech*. Here, the district court did not have an opportunity to decide the class certification in *Brown* and *China Agritech* does not foreclose the court from doing so. Plaintiff's motion should be granted.

## II. Plaintiffs Have Met The Prerequisites Of Rule 23.

The defense argues that Plaintiffs have not met the requirements of commonality, typicality, and predominance. The defense's argument are unpersuasive, and Plaintiff's motion should be granted.

### a. The Unconstitutional Strip Search Satisfies Commonality

The Defendants argument that the individual circumstances of each individual strip search defeats commonality, but the argument is devoid of merit. The Fed. R. Civ. P. 23(a)(2) commonality inquiry requires the existence of "questions of law or fact common to the class." A single common question is sufficient. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Adams v. R.R. Donnelley & Sons*, 2001 WL 336830, *5 (N.D. Ill. Apr. 6, 2001). The

3

requirement is satisfied "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Suchnek v. Sturm Foods, Inc.*, 764 F.3d 750, 755-56 (7th Cir. 2014).

Each class member will be seeking to prove that the strip search violated the Eighth Amendment, relying on the common proof of the punitive characteristics of the training exercise. In addition, each class member will need to prove that the strip search was carried out in a widespread fashion and that the supervisory Defendants acted with deliberate indifference to the suffering caused by the strip search. The proposed class members' damages claims all implicate common questions of fact that arise from the same factual event, the unconstitutional and inhumane strip search. This alone is enough to satisfy the commonality prong of Rule 23(a)(2).

The Defendants argument to the contrary should be rejected. This Court should hold similarly to other courts that have held that similar allegations involving strip search practices satisfy the commonality requirement. *See Young v. County of Cook*, 2007 WL 1238920, at *5; *Bullock v. Sheahan*, 225 F. R. D. 227 (N.D. Ill. 2004); *Throgmorton, et al. v. Reynolds, et al.*, Case No. 1:15-cv-01447- MMM (C.D. Ill.), Dkt. Nos. 68 & 87; *Streeter v. Sheriff of Cook County*, 256 F.R.D. 609 (N.D. Ill. 2009); *Mary Beth G. v. City of Chicago*, 773 F.2d 1263, 1267 (7th Cir. 1983).

### b. <u>Typicality Is Satisfied</u>

The Defendants' argument that the Plaintiffs fail to satisfy the typicality requirement of Rule 23(a)(3) is without merit. The proposed class' constitutional rights were violated by the same common course of conduct, the strip search. The two named representative parties bring the same cause of action as the rest of the class members. There is no distinction. The representative class members seek to challenge the same conditions as the absent class members.

4

Each class member is relying on the same legal theories as to why the strip search violated their constitutional rights. Argument does not change this simple truth and cannot sidestep this fact.

The case law is clear, a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see also De La Fuente v. Stokely-Van* Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). Some factual distinction and variance in the injuries sustained by each class member will not defeat typicality, so long as the plaintiffs' claims have the same "essential characteristics" as those of the putative class members. *Rosario*, 963 F.2d at 1018; *De La Fuente*, 713 F.2d at 232. Defendants' argument suggesting that the Plaintiffs have failed to satisfy typicality pursuant to Rule 23(a)(3) should be rejected.

### c. The Representative Parties Will Fairly and Adequately Protect The Interests Of The Class, Which Satisfies Rule 23(a)(4).

The Defendants have failed to show how the representative parties will not fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). Defendants somewhat admit the allegations of the complaint demonstrate the suitability of these Plaintiffs to represent the class, but rely on the absence of a verification of those allegations in an effort to cast doubt over their truthfulness. This argument is without merit.

A declaration, verified allegation, affidavit, or other sworn testimony, in light of the substantial record before the Court, does not materially affect the analysis over whether Plaintiffs can adequately represent protect the class. There is no dispute that they were part of the strip search, which should end the analysis, and nothing the defense has set forth suggests the named plaintiffs will not vigorously pursue the claims for the class, or that the representative parties are

antagonistic to any absent class member.  The representative parties should satisfy the requirements of Rule 23(a)(4).

> **d. The Proposed Class Bases Its Claims On A Common, Unconstitutional Course of Conduct By The Defendants During A Single Incident, Which Establishes Predominance Pursuant to Rule 23(b)(3).**

The Plaintiffs have established that the predominance prong pursuant to Rule 23(b)(3). The Defendants have argued that, "it is apparent that each individual had different experiences which will require individualized inquiry." *See* Def's Response to Pls' Motion for Class Certification, p. 17.  The fact remains that common questions represent a significant aspect of the case.  The predominance prong is satisfied when "common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016)(citation and internal punctuation marks omitted).  The Defendants arguing about facts that the Plaintiffs will hypothetically have to prove about their individual circumstances does not change the predominant question about the unconstitutional nature of the humiliating and degrading strip search as a training exercise. The proposed class's claims bases all of its claims on the Defendants' conduct during a single incident, which is enough to satisfy Rule 23(b)(3).  Defendants do not make a showing to the contrary.

## III. A Single Injunction For The Proposed Class Is Appropriate, Which Satisfies Rule 23(b)(2).

It is interesting that the IDOC defendants claim that IDOC policy prohibits humiliating, public strip searches of prisoners, given the record before the Court.  While on paper, no such practice exists.  The record of this case and that of the Throgmorton case demonstrates the absence of such a policy in practice.  The defense's assertion that because the conduct in *Throgmorton* was tried to a jury that found that it did not violate the Eighth Amendment did not

6

make that conduct any less humiliating and degrading. In fact, the defendants' claim preclusion argument made here is inconsistent with that claim.

## IV. Claim Preclusion Does Not Apply When The Proposed Class Is Not Part Of A Successive Class Action.

The defendants argument that Plaintiffs are precluded from challenging the unconstitutional strip search because of a jury verdict about a different strip search does not make sense. The class may be defined the same way but the conduct at issue is different. No preclusion applies to Plaintiff's claims.

## V. The Court Should Excuse Plaintiff's Untimeliness

Defendants lead with the argument that Plaintiff's motion for class certification was untimely by eight days, and that it should be denied for that reason. Respectfully, such an argument is difficult to grapple with given the extraordinary untimeliness of the defendants' responses to written discovery, delayed by months without good cause. The extensions of time to file the motion for class certification were predicated on the defense delays, and the motion would have been filed months earlier but for their discovery non-compliance. While Plaintiffs were under the impression the parties had been cooperating and that the defense understood the involvement of three new plaintiffs might precipitate some delay, Plaintiffs caused no harm by their delayed response, and Plaintiffs seek the Court excuse their eight day delay.

## VI. Plaintiffs' Motion Need Not Reinvent The Wheel

It is of no surprise that the instant class certification is nearly identical to the *Brown v. Locke*, case no. 15-1447. The class allegations themselves are identical and relate to the same strip search in 2013. Loevy and Loevy, counsel in *Brown*, rank amongst the best litigators in the country, and the defense can provide no reason why Plaintiffs here should reinvent the wheel gifted to them. The motion could have paraphrased and reworded every argument, but to no

7

good end. The defense concedes that both the pleadings and motions were adopted to the instant allegations. Class certification in the *Brown* litigation was ready to be decided at the time of dismissal and such is the case here. The defense's attacks are unwarranted and not grounds for denial.

## CONCLUSION

Plaintiffs respectfully request the Court grant their motion for class certification, and for any such other and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

I, Jared Kosoglad, One of Plaintiffs' Attorneys, hereby certify that the attached Plaintiff Donna Dupree et. al, Plaintiff's Reply was served electronically via electronic mail to all counsel of the record via the Court's Electronic Filing System on August 7, 2018.

s/ Jared Kosoglad
———————————————

Jared Kosoglad
Jared S. Kosoglad, P.C.
223 W. Jackson Blvd.
Suite 200
Chicago, IL 60661
T: 312-513-6000
E: jared@jaredlaw.com